Huang v. Bondi

BIA
Christensen, IJ
A208 599 545

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-five.

PRESENT:
> **DENNIS JACOBS,**
> **JOSEPH F. BIANCO,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**ZHONG HUANG,**
> *Petitioner,*

> v.                                                                                    **23-6540**
>                                                                                          **NAC**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**                     Gerald Karikari, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Nicole Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhong Huang, a native and citizen of the People's Republic of China, seeks review of a May 12, 2023 decision of the BIA, affirming a May 11, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Huang*, No. A208 599 545 (B.I.A. May 12, 2023), *aff'g* No. A208 599 545 (Immig. Ct. N.Y. City May 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review *de novo* questions of law and the application of law to fact," and "factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation omitted). "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination given inconsistencies between Huang's and his cousin's accounts and the lack of other reliable corroboration. Huang testified that he was

persecuted in China for practicing Christianity, and that he continued to practice Christianity in the United States. He presented his cousin as a witness to that practice, testifying that they attended church together the day before the hearing, but that his cousin usually lived out of state. The agency reasonably relied on the inconsistencies between Huang's and his cousin's testimony, 8 U.S.C. § 1158(b)(1)(B)(iii), which cast doubt on whether they were together that day.

Huang testified that he and his cousin attended church the day before the hearing from 1:00 to 2:30 p.m., where they heard a sermon about Noah establishing a covenant with God. The IJ specifically asked Huang if he did anything before attending church, including if he had eaten, and Huang answered no. Huang then stated that he ate for the first time at a restaurant after church around 3:00 p.m., and that he and his cousin then went home, but went back to the same restaurant for dinner. Certified Administrative Record at 142–47. Huang's cousin, on the other hand, testified that they ate breakfast together at a "fast food store" and then went to Huang's lawyer's office before attending church (where they discussed the covenant between God and Noah). *Id.* at 156. After church, they went directly home. Their next meal was that evening, and they ate at a different restaurant from the earlier meal.

4

The agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). These several inconsistencies provide substantial evidence for the adverse credibility determination because they undermine the reliability of Huang's and his cousin's testimony about whether they attended church that day and more broadly call into question whether Huang is a practicing Christian. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Contrary to Huang's argument here, an inconsistency need not go to the heart of the claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing reliance on inconsistencies "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim"). The inconsistencies on which the IJ relied here provide substantial evidence because they were not "so

5

trivial and inconsequential that [they] ha[ve] little or no tendency to support a reasonable inference that the petitioner has been untruthful." *Singh v. Garland*, 6 F.4th 418, 427 (2d Cir. 2021).

Further, the agency did not err in finding that a lack of reliable corroboration further undermined Huang's credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Huang submitted a baptism certificate from his baptism while in immigration detention, a certificate of church attendance (57 times between August 2016 and March 2018), photographs of him inside or in front of a church, and letters from his aunt and mother in China. None of this evidence resolves the inconsistencies discussed above, and the agency properly gave diminished weight to the letters because the declarants (both from China and the United States) were unavailable for cross-examination. *See Likai Gao*, 968 F.3d at 149 (holding that "the IJ acted within her discretion in according . . . little weight [to letters] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013)

6

("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

To the extent Huang argues that no witness was available from his church in New York, which he claimed he attended regularly for almost two years, because "they all did not want to come over," Certified Administrative Record at 212, the agency was not compelled to accept that explanation. *See Liu v. Holder*, 575 F.3d 193, 197–98 (2d Cir. 2009) (citing 8 U.S.C. § 1252(b)(4)). Further, the agency may rely on the absence of corroboration as support for an adverse credibility determination where, as here, it "makes an applicant unable to rehabilitate testimony that has already been called into question." *See Biao Yang*, 496 F.3d at 273.

In sum, substantial evidence supports the adverse credibility determination given the inconsistent statements and the lack of reliable corroboration. *See Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273; *Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of Huang's claims for asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

7

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court